UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN RODRIGUEZ, | ) | CIVIL ACTION NO. 4:22-CV-1735 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant | ) | |
| | ) | |

**MEMORANDUM OPINION**

## I.    INTRODUCTION

On March 13, 2020, former inmate Juan Rodriguez ("Plaintiff") fractured his left ankle attempting to deliver food trays to the Schuylkill Federal Correction Institution ("FCI Schuylkill") Special Housing Unit ("SHU"). Plaintiff initiated this lawsuit under the Federal Tort Claims Act ("FTCA") alleging that his injury was the result of a prison employee's negligence. Defendant, however, argues that the work-related injury Plaintiff sustained is subject to the Inmate Accident Compensation Act ("IACA"), and therefore cannot proceed under the FTCA.

Currently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because the Court does not have subject-matter jurisdiction over Plaintiff's FTCA claim. For the reasons explained herein, Defendant's Motion will be granted, but Plaintiff will be given leave to file a second amended complaint.

II.      BACKGROUND AND PROCEDURAL HISTORY

In March 2020, Plaintiff was an inmate in federal custody at FCI Schuylkill. His "regular work assignment" at the time was as a "PM Cook" in the institution's Food Services Department. He worked Wednesday through Sunday, and his days off were Monday and Tuesday.

On March 13, 2020, two- and one-half weeks before his injury, Plaintiff signed an "Initial Job Orientation and Safety Training" handout on pages 1 and 10. (Doc. 21-1, pp. 7-16). Page 5 of that handout states as follows:

> **<u>Work Related Injuries</u>**: If you are injured while performing your work assignment, no matter how minor it may seem, report the injury to your work supervisor. Failure to report a work injury within a maximum of 48 hours may result in the forfeiture of lost time wages and/or inmate accident compensation. If you suffer a work injury, and feel your injury resulted in some degree of physical impairment, you may file a claim for Inmate Accident Compensation. It is your responsibility to contact the Environmental and Safety Compliance Office no later than 45 days before your release if you intend to file a claim for disability related to a work injury.

(Doc. 21-1, p. 11).

On March 31, 2020, a Tuesday, Plaintiff was "made" to work in the morning as an AM Cook on his day off. He spent the first several hours of his shift preparing food, a task he customarily performed during his regularly scheduled shifts. Between 10:30 a.m. and 11:00 a.m., a corrections officer "ordered" Plaintiff to perform a task he was unfamiliar with in a manner that Plaintiff felt was not safe. He was ordered to transport food trays to the special housing unit using a cart. Plaintiff alleges that

the cart he was ordered to use was not a food cart and had defective wheels. (Doc.
15, ¶¶ 14-28). Plaintiff followed the order, fearing that if he did not, he would be
punished. (Doc. 15, ¶¶ 37-38). Unfortunately, he encountered a pothole along his
route. (Doc. 15, ¶¶ 42-45). The food-laden cart veered into the pothole and tipped
over. *Id.* The cart landed on Plaintiff, fracturing his left ankle. (Doc. 17-3, p. 5)
(noting a "palpable fx left medial about 3 cm superior to malleolus"). Plaintiff was
given a tetanus shot, the abrasions on his foot and ankle were cleaned and dressed,
and his fractured ankle was placed in a CAM boot. *Id.*

Plaintiff's supervisor completed a BP-140, Injury Report, which Plaintiff
signed. (Doc. 17-3, pp. 6-7). The report was reviewed by the Institutional Safety
Manager. *Id.* On May 8, 2020, the institution's Safety Committee expressed the
opinion that Plaintiff's injury was work-related. *Id.* Plaintiff was, at some point,
given a copy of that form. (Doc. 26, pp. 6-7). Plaintiff's copy of the form did not
advise him of his rights under the IACA and did not include the Safety Committee's
opinion as to whether his injury was work-related. *Id.*

It appears Plaintiff was unable to work as a cook in the food services
department following his injury.[1] Plaintiff never filed a claim for accident

---

[1] (Doc. 17-3, p. 8) (noting Plaintiff lost work time from March 31, 2020 to
May 1, 2020); (Doc. 17-3, p. 8) (recommending that Plaintiff be removed from food
service on June 11, 2020); (Doc. 21-1, p. 6) (noting Plaintiff was reassigned to work
in general maintenance on June 16, 2020).

compensation. (Doc. 17-4, p. 2). On December 7, 2020, Plaintiff was released from prison. (Doc. 21-1, p. 3).

On November 18, 2021, Plaintiff filed an administrative claim to recover for his March 31, 2020 injury. (Doc. 16, ¶ 7). On May 3, 2022, Plaintiff's claim was denied. (Doc. 15, ¶ 8).

In November 2022, Plaintiff initiated this lawsuit. (Doc. 1). In May 2023, he amended his complaint. (Doc. 15). In his Amended Complaint, Plaintiff asserts a single claim against the United States of America under the FTCA alleging that Defendant's negligence caused a physical injury to his left ankle, and that this injury has resulted in:

> Plaintiff suffering great pain in mind and body, and loss of enjoyment of life and business and[,] . . . loss of earning capacity and other expenses.

(Doc. 15, ¶ 64).

Defendant filed a factual challenge to this Court's subject-matter jurisdiction under 12(b)(1) and seeks summary judgment in the alternative. Plaintiff opposes its motion. Although the parties dispute whether Plaintiff's injury is subject to the IACA as a matter of law, they do not appear to dispute the material facts relating to the time and place the injury occurred, or the way Plaintiff was injured.

Defendant's Motion is fully briefed. In the absence of any material dispute of fact, we will proceed without a hearing. Therefore, this matter is now ready to decide.

## III.     LEGAL STANDARDS

Having reviewed the background and procedural history of this case, it is helpful to review the applicable legal standard for motions brought under Rule 12(b)(1) of the Federal Rules of Civil Procedure, and the standards for FTCA and IACA claims.

### A.     FED. R. CIV. P. 12(B)(1): MOTION TO DISMISS FOR LACK OF JURISDICTION

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to challenge a complaint for lack of subject-matter jurisdiction in lieu of filing an answer. Defendant's Motion presents a factual challenge to the Court's subject-matter jurisdiction. A factual challenge "attacks the factual allegations underlying the complaint's assertion of jurisdiction" by presenting competing facts.[2] When considering a factual challenge to its subject matter jurisdiction, a court is permitted to "weigh and consider evidence outside the pleadings."[3]

---

[2] *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)).
[3] *Id.*; *see also Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

Once jurisdiction is challenged, a plaintiff has the burden to prove jurisdiction exists by a preponderance of the evidence.[4] When reviewing a defendant's factual challenge to jurisdiction, the court must permit the plaintiff to respond with rebuttal evidence in support of jurisdiction, and then decides the jurisdictional issues by weighing the evidence."[5] If there is a material dispute of fact, the court must conduct a hearing.[6]

**B.    INTERPLAY BETWEEN THE INMATE ACCIDENT COMPENSATION ACT AND FEDERAL TORT CLAIMS ACT**

FTCA "waives the sovereign immunity of the United States in its district courts for tort claims 'caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances [in which] the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'"[7] The FTCA,

> "'does not itself create a substantive cause of action against the United States; rather, it provides a mechanism for bringing a state law tort action against the federal government in federal court.'" *See* [*Lomando v. United States*, 667 F.3d 363, 372 (3d Cir. 2011)] (quoting *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 362 (3d Cir. 2001)); *CNA v. United States*, 535 F.3d 132, 141 (3d Cir. 2008)

---

[4] *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).

[5] *Id.*

[6] *Id.*

[7] *Lombardo v. United States*, 667 F.3d 363, 372 (3d Cir. 2011) (citing 28 U.S.C. § 1346(b)(1)).

(explaining that "'[t]he cause of action in an FTCA claim . . . must come from state tort law" (citation omitted)).[8]

The central issue in this case involves the interplay between the FTCA and a statute enacted twelve years before it, the IACA.[9] In the IACA, 18 U.S.C. § 4126, Congress passed a measure to compensate inmates for work-related injuries sustained performing prison work assignments. "By statute, the Federal Prison Industries Fund pays 'compensation to inmates or their dependents for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined.'"[10] The implementing regulations define "work-related injury" as "any injury, occupational disease or illness, proximately caused by the actual performance of the inmate's work assignment."[11]

There are two types of compensation available to inmates for work-related injuries: (1) Inmate Accident Compensation; and (2) Lost-Time Wages.[12] Compensation for Lost-Time Wages can be paid while the inmate is in prison.[13]

---

[8] *Guerrero v. United States*, No. 1:22-CV-01631, 2023 WL 1074103, at *3 (M.D. Pa. Jan. 25, 2023).

[9] *United States v. Demko*, 385 U.S. 149, 152 (1966).

[10] *Cooleen v. Lamanna*, 248 F. App'x 357, 362 (3d Cir. 2007) (quoting 18 U.S.C. § 4126(c)(4) and citing 28 C.F.R. § 301.101-301.319) (emphasis added).

[11] 28 C.F.R. § 301.102(a).

[12] 28 C.F.R. § 301.101.

[13] 28 C.F.R. § 301.203 (an *inmate* may receive lost wages after 3 days of missed work).

Inmate Accident Compensation cannot be paid until after release.[14] Obtaining lost wages does not guarantee that an inmate will receive accident compensation.[15] "The matter of awarding compensation or lost pay under the IACA is a matter for determination by the prison authorities, subject to the supervision of the Attorney General of the United States."[16] The process for making compensation determinations are set forth in 28 C.F.R. §§ 301.201-205 (Lost Wages), and 28 C.F.R. §§ 301.301-319 (Inmate Accident Compensation). "The decision of the prison authorities, once made, is conclusive in the absence of a showing that the decision was arbitrary or capricious."[17]

In *United States v. Demko*, the United States Supreme Court addressed whether a prisoner covered by the IACA could also recover under the FTCA. It observed that the coverage available under the IACA "compare[d] favorably with compensation laws all over the country," and that "compensation laws are practically always thought of as substitutes for, not supplements to, common-law tort actions."[18] Ultimately, it concluded that the IACA is a covered prisoner's exclusive remedy.[19]

---

[14] 28 C.F.R. § 301.301(a) (no inmate accident compensation will be paid prior to an inmate's release).

[15] 28 C.F.R. § 301.202(a).

[16] *Ellis v. Fed. Prison Indus.*, No. 95-50670, 1996 WL 460035, at *2 (5th Cir. 1996) (citing *Thomas v. United States*, 492 F.2d 1082, 1083 (5th Cir. 1974) and 18 U.S.C. § 4128).

[17] *Id.*

[18] *Demko*, 385 U.S. at 151-52.

[19] *Id.* at 154.

That holding is now explicitly incorporated into the IACA's regulations, which provide:

> Inmates who are subject to the provisions of these Inmate Accident Compensation regulations are barred from recovery under the Federal Tort Claims Act (28 U.S.C. 2671 *et seq.*). Recovery under the Inmate Accident Compensation procedure was declared by the U.S. Supreme Court to be the exclusive remedy in the case of work-related injury. *U.S. v. Demko*, 385 U.S. 149 (1966).[20]

Federal district courts typically do not have jurisdiction to entertain an FTCA claim to recover damages for an injury subject to the IACA.[21]

## IV.    DISCUSSION

Defendant argues that this case should be dismissed for lack of subject-matter jurisdiction because Plaintiff's FTCA claim seeking compensation for Plaintiff's prison work-related injury is subject to the IACA. (Doc. 16).[22] Plaintiff argues that his injury is not subject to the IACA. He argues in the alternative that even if the Court determines his injury is subject to the IACA, it should retain jurisdiction over

---

[20] 28 C.F.R. § 301.319.

[21] *Patterson v. Potope*, No. 4:11-CV-497, 2013 WL 1314050, at *27 (M.D. Pa. Mar. 28, 2013) ("the courts do not have jurisdiction to entertain an FTCA claim for an inmate's work-related injuries."); *Valoy v. United States*, No. 1:24-CV-00221, 2024 WL 4109343 (M.D. Pa. Sept. 6, 2024) (dismissing inmate's FTCA claim seeking damages for a prison work-related injury for lack of jurisdiction).

[22] Defendant also argues that, if the claim is not subject to the IACA, the Court lacks subject matter jurisdiction under the discretionary function exception to the FTCA. We need not address this argument because we conclude that Plaintiff's injury is subject to the IACA.

Plaintiff's case to review the Bureau of Prison's compliance with procedural due process when adjudicating Plaintiff's IACA claim.

### A.   PLAINTIFF'S INJURY IS SUBJECT TO THE IACA

Defendant argues that Plaintiff's work-related injury sustained while he was an inmate is subject to the provisions of the IACA. To support its position, it relies on the fact that Plaintiff's "regular work assignment" at the time was in the food services department, and the Institution's Safety Committee's May 2020 determination that Plaintiff's injury was work-related.[23]

Faced with this factual challenge to this Court's jurisdiction over his FTCA claims under Rule 12(b)(1), Plaintiff has the burden to prove subject-matter jurisdiction by a preponderance of the evidence. Thus, he must show that his injury falls outside the scope of the IACA. To meet this burden, Plaintiff cites to 28 U.S.C. § 301.301(b), which provides that:

> Compensation may only be paid for work-related injuries or claims
> alleging improper medical treatment of a work-related injury. This
> ordinarily includes only those injuries suffered during the performance
> of an inmate's regular work assignment. However, injuries suffered

---

[23] (Doc. 18, p. 14) (citing Doc. 17, ¶¶ 4, 11-14, 18-21); *see also* (Doc. 21-1, p. 6) (listing Plaintiff's work assignment as "PM Cook MT" and describing the position as FCI F/S/ PM Cook Mon/Tues Off"); (Doc. 17-3, p. 7). It is notable that Plaintiff's BP AO140 Form suggests he "lost" work time from March 31, 2020 to May 1, 2020. It is not clear whether Plaintiff collected lost wages under the IACA while he was incarcerated. A determination of work-relatedness for the purposes of awarding lost wages, however, "is not confirmation on the validity of any subsequent claim to receive accident compensation for work-related physical impairment." 28 C.F.R. § 301.202(b).

during the performance of voluntary work in the operation or maintenance of the institution, when such work has been approved by staff, may also be compensable.

Plaintiff argues that his work-related injury does not meet either scenario set forth in the second or third sentences of the above-quoted regulation, and therefore is not subject to the IACA. As to the second sentence, Plaintiff argues that he was not injured during the performance of his "regular work assignment" because he was not working his regular shift, and because he was injured doing a task that he was not normally assigned. As to the third sentence, Plaintiff argues that he was "forced" to work that day, and therefore he was not engaged in "voluntary" work.[24]

---

[24] The term "voluntary" in this context does not appear to refer to an inmate's enthusiasm for a work assignment. *See*, *e.g.*, *Dean v. United States of America*, No. 14-CV-184-JL, 2014 WL 7020186, at *2-3 (D.N.H. Dec. 10, 2014) (noting that an inmate's argument that he "did not want to" do the assigned task did not control whether his injuries were potentially compensable under the IACA); *see also* 28 C.F.R. § 545.20 (requiring all sentenced inmates who are physically and mentally able to work to participate in the BOP's work program); 28 C.F.R. § 545.24(c) (explaining that inmates are expected to perform all assigned tasks, and that disciplinary action may be taken against any inmate who refuses to work). Rather, it is typically discussed in the context of an inmate engaged in the performance of *unpaid* work. *See*, *e.g.*, *Irish v. U.S. Dep't of Justice*, No. 11-2703 (MJD/JJK), 2013 WL 451314, at *8-10 (D. Minn. Jan. 3, 2013) (granting a motion seeking dismissal and summary judgment as to an inmate's FTCA claim related to an injury sustained while the inmate was engaged in an unpaid extra duty task as a disciplinary sanction because it was subject to the IACA).

Plaintiff also argues that 28 U.S.C. § 301.301(c) supports his position that his work-related injury is not covered by the IACA because the injury occurred in an area of the prison where he does not regularly work.[25]

Plaintiff's arguments are not persuasive. Plaintiff draws parallels between the facts in his case and a recent case in the District of New Jersey. In adjudicating a *facial* challenge to its subject-matter jurisdiction, the District Court in Martinez denied the defendant's motion. The Court's opinion addressing the subsequent *factual* challenge to its subject-matter jurisdiction, however, supports Defendant's argument in this case.

Plaintiff is correct that this case, and *Martinez*, share factual similarities. They both involve claims for accident compensation where the work assignment at issue does not fit neatly into either category of work described in the second or third sentence of 28 C.F.R. § 301.301(b) and involve accidents that did not occur where the inmate usually worked. In *Martinez*, a pro se inmate sustained serious chemical burns on his foot while stripping the wax from the institution's chow hall floor.[26] In his Complaint, Martinez brought an FTCA claim and alleged that he was injured performing a task that was not his regular work assignment, was "not in the area he

---

[25] 28 C.F.R. § 301.301(c) (explaining that compensation is not paid for injuries "suffered away from the work location (e.g., while the claimant is going to or leaving work, or going to or coming back from lunch outside the work station or area).").

[26] *Martinez v. United States*, No. CV 1921102RMBAMD, 2022 WL 3098101, at *2 (D.N.J. Aug. 4, 2022).

was assigned to work in," that he was not paid, and that he was not assigned the work as a form of discipline.[27] Defendant filed a facial challenge to the Court's jurisdiction, arguing that Martinez's injury was subject to the IACA.[28] In response to the motion, Martinez requested discovery.[29] The Court denied Defendant's facial challenge to its jurisdiction without prejudice and permitted limited discovery on the issue of jurisdiction.[30]

After the jurisdictional discovery took place, Defendant filed a factual challenge to the Court's jurisdiction.[31] Discovery revealed that Martinez was injured while performing a special work detail, which he was paid for.[32] Ultimately, the Court found that Martinez's injury was subject to the IACA, and therefore it lacked jurisdiction to hear Martinez's FTCA claim. It explained:

> Although 28 C.F.R. § 301.301(b) provides that compensation for work injuries "ordinarily includes only those injuries suffered during the performance of an inmate's regular work assignment[,]" an agency interpretation of a statute "cannot run contrary to Congress's intent as reflected in a statute's plain language and purpose." *Madison v. Res. for Hum. Dev., Inc.*, 233 F.3d 175, 187 (3d Cir. 2000) (citation omitted)). Special work assignments that constitute "any work activity in

---

[27] *Id.*

[28] *Id.* at *2-3.

[29] *Id.*

[30] *Id.* at *4-5.

[31] *Martinez v. United States*, No. CV1921102RMBAMD, 2023 WL 6307441, at *1 (D.N.J. Sept. 27, 2023).

[32] *Id.* at *3.

connection with the maintenance or operation of the institution in which the inmates are confined" also fall within the statute.[33]

We agree with the Court's rationale for resolving the factual challenge to jurisdiction in *Martinez* and find that it applies in this case. Plaintiff was "made," by a BOP employee, to work as an AM, as opposed to PM, cook on the date he was injured. The task he was performing when he was injured was assigned by a BOP employee. That assignment, as well as the task he was completing when he was injured, constitutes work activity done in connection with the operation of the institution in which he was confined. The BOP also determined that Plaintiff's injury was work-related.[34] As such, the injury Plaintiff sustained while performing that work is subject to the IACA. Because the IACA is the exclusive remedy for injuries sustained during prison work assignments, we lack jurisdiction to hear Plaintiff's FTCA claim seeking damages to compensate Plaintiff for the injury he sustained during a prison work assignment.

Accordingly, we will grant Defendant's 12(b)(1) motion requesting dismissal due to a lack of jurisdiction.

---

[33] *Id.* at *7.

[34] Plaintiff argues he was not informed his injury was "work-related." Plaintiff's awareness of this administrative determination, however, is not material to our determination of whether the injury itself is subject to the IACA.

**B.    LEAVE TO AMEND**

Under the heading, "Defendant should be estopped from asserting this court

lacks jurisdiction," Plaintiff argues:

> [T]he Court should still deny Defendant's motion to dismiss on
> principles of due process. Plaintiff had a protected interest in a claim
> for compensation of his injury under the IACA. *Davis v. United States*,
> 415 F. Supp. 1086 (D. Kan. 1976). Defendant arbitrarily and
> capriciously deprived Plaintiff of his protected interest by failing to
> follow its procedures of providing Plaintiff with notice of his interest
> and the mechanisms for obtaining that interest. In doing so, Defendant
> has deprived Plaintiff of notice and a meaningful opportunity to be
> heard to protect his interest under the IACA. Accordingly, if the Court
> finds that the IACA is the exclusive remedy for Plaintiff's injury or
> Plaintiff's claim is barred by the discretionary function exception,
> which it should not, it should exercise its jurisdiction under § 10 of the
> Administrative Procedure Act, 5 U.S.C. § 701 *et seq*. to review
> Defendant's compliance with due process procedural requirements (see
> *id*. at 1088) and estop Defendant from denying Plaintiff a remedy for
> his injury under the IACA based on failure to meet the statute of
> limitations.

(Doc. 23, pp. 19-20).

Notably, the argument does not match its heading. Plaintiff does not develop

any argument to estop Defendant from asserting that the Court lacks jurisdiction

over Plaintiff's FTCA claim. Plaintiff appears to argue that this Court should retain

jurisdiction over this case "to review Defendant's compliance with due process

procedural requirements" under the IACA.  In doing so, Plaintiff cites to *Davis v.*

*United States*, 415 F.Supp. 1086 (D. Kan. 1976). In *Davis*, it appears that an inmate

sought compensation under *both* the FTCA and IACA.[35] Although we agree that this Court may have jurisdiction to review the BOP's compliance with procedural due process requirements, unlike the inmate in *Davis* Plaintiff does not assert a claim under the IACA or request review of the BOP's compliance with procedural due process requirements in the Amended Complaint. Typically, a litigant is not permitted to amend his pleading in a brief opposing a motion to dismiss. Thus, we construe this argument as a request for leave to file a second amended complaint to assert a new claim.

Generally, leave to amend should be liberally granted unless it is inequitable or futile. The determination as to futility of a proposed amendment does not require a conclusive determination on the merits of a claim or defense. Futility may only serve as a basis for denial of leave to amend when proposed amendment is frivolous or advances a claim that is legally insufficient on its face. Given our analysis in this opinion, permitting Plaintiff to amend his FTCA claim would be futile. Plaintiff appears, however, to propose a different legal theory. While we cannot determine at

---

[35] *Davis*, 415 F.Supp. at1087-88 (summarizing that the plaintiff filed an action seeking compensatory relief under 18 U.S.C. § 4126 *and* that "[i]n previous opinions in this litigation this Court determined that the decision in *United States v. Demko*, 385 U.S. 149 (1966), precluded it from awarding damages as requested in the complaint, but that jurisdiction existed under s 10 of the Administrative Procedure Act (APA), 5 U.S.C. s 701 *et seq.*, to subject the administrative decision of the Bureau of Prisons to a narrow review to ascertain its compliance with procedural due process requirements.").

this stage whether Plaintiff can plead a claim that could survive a motion to dismiss, it is also not clearly futile. Therefore, we will give Plaintiff leave to file a second amended complaint.

## V.      CONCLUSION

For the reasons discussed above:

(1)      Defendant's Motion to Dismiss Plaintiff's FTCA claim for lack of subject-matter jurisdiction (Doc. 16) will be GRANTED.

(2)      Plaintiff will be given leave to file an amended complaint on or before **October 28, 2024**.

If no second amended complaint is received by this deadline, the Court will dismiss this action and close the case without further notice to the parties.

(3)      An appropriate order will be issued.

Date: September 27, 2024                         BY THE COURT

                                                                 *s/William I. Arbuckle*
                                                                 William I. Arbuckle
                                                                 U.S. Magistrate Judge